# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

THE ESTATE OF LEWIS JORDAN,
JR. by and through personal
representative and next friend, Lewis
Jordan, Sr., *et al.*,

          Plaintiffs,

     v.

STATE OF ALASKA, DEPARTMENT
OF CORRECTIONS, *et al.*,

          Defendants.

Case No. 3:25-cv-00044-SLG

## ORDER ON ALL PENDING MOTIONS

Before the Court are four pending motions. First, at Docket 21, is Defendants' second Motion to Dismiss.[1] Plaintiffs Estate of Lewis Jordan, Jr. and Rachael Waterhouse responded in opposition at Docket 29, to which Defendants replied at Docket 30. Next, at Docket 32, is Plaintiffs' Motion for Leave to File Periodic Status Reports. Defendants responded in opposition at Docket 33, to which Plaintiffs replied at Docket 34. At Docket 36, Defendants filed a Motion to Strike Plaintiffs' status report at Docket 31 and Motion for Leave to File Periodic Status Reports at Docket 32. Plaintiffs responded in opposition at Docket 41, to which Defendants replied at Docket 44. Lastly, at Docket 35 is Defendants' Motion

---

[1] Defendants are the State of Alaska, Department of Corrections ("DOC"); Jennifer Winkelman, in her official capacity as the Commissioner of the DOC; Correctional Officers Ouellette and Curney; and ten John Does. Docket 17 at ¶¶ 17-21.

to Dismiss for Lack of Prosecution. Plaintiffs responded in opposition at Docket 40, to which Defendants replied at Docket 45. Oral argument was not requested on any of the motions and was not necessary to the Court's determinations.

## LEGAL STANDARD

A party may seek dismissal under Federal Rule of Civil Procedure 12(b)(6) for a complaint's "failure to state a claim for which relief can be granted." "To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"[2] Nonetheless, "the trial court does not have to accept as true conclusory allegations in a complaint or legal claims asserted in the form of factual allegations."[3]

If a court dismisses all or a portion of a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires." However, a court may deny leave to amend for reasons of "repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment."[4] Amendment may be considered futile when the claims lack a cognizable legal

---

[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[3] *In re Tracht Gut, LLC*, 836 F.3d 1146, 1150 (9th Cir. 2016).

[4] *Foman v. Davis,* 371 U.S. 178, 182 (1962).

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 2 of 11

basis[5] or when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."[6]

## DISCUSSION

Plaintiffs initiated this action on March 4, 2025. The original Complaint, although captioned with Plaintiff as the Estate of Lewis Jordan, Jr., with Lewis Jordan, Sr. identified as the personal representative of the estate, contains no allegation that Mr. Jordan, Sr. was the personal representative of the estate at that time.[7] Indeed, Mr. Jordan, Sr.'s petition in state court to open a probate estate for his son was filed in the summer of 2023 and, according to the Alaska Court System's website, the petition had been denied due to a deficiency and that case closed months before this action was filed. Plaintiffs filed unissued summons with the Court on April 22, 2025, which were issued by the Court on that same day.[8] On June 18, 2025, Defendants the State, DOC, and Shaffer Curney filed their first motion to dismiss. They sought dismissal in that motion of the State and DOC for insufficient service of process and sovereign immunity, and dismissal of all these defendants based on Plaintiffs' lack of standing to bring their claims because they

---

[5] *See Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir. 1992).

[6] *Missouri ex rel. Koster v. Harris*, 849 F.3d 646, 656 (9th Cir. 2017) (internal quotation omitted).

[7] *See* Docket 1 at ¶ 15,

[8] Docket 6.

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 3 of 11

are not the personal representatives of Lewis Jordan, Jr.'s estate.[9]

On July 7, 2025, Plaintiffs filed an Amended Complaint against all Defendants. Once again, the caption alleges that Lewis Jordan, Sr. is the personal representative of Lewis Jordan, Jr.'s estate, but contains no allegation to that effect. Instead, the Amended Complaint indicates that Rachel Waterhouse "is seeking appointment as a co-personal representative of the Estate of Lewis Jordan, Jr." and that "[a]ll actions undertaken by Plaintiff Waterhouse in this matter are in furtherance of the interests of the Estate of Lewis Jordan, Jr., and will be formally ratified as soon as possible."[10] Despite that representation, a review of the Alaska Court System's Courtview records indicates that no petition for appointment of a personal representative for Lewis Jordan, Jr. had been filed as of December 1, 2025.

In light of the Amended Complaint filed at Docket 17, the Court denied as moot Defendants' first motion to dismiss.[11]

### 1. Defendants' Second Motion to Dismiss

On July 14, 2025, Defendants filed their second motion to dismiss that is now before the Court. The motion seeks dismissal of Corrections Officer ("CO") Ouellette for insufficient service of process. It seeks dismissal of both COs

---

[9] Docket 13 at 5, 10-14.

[10] Docket 17 at ¶ 16.

[11] Docket 22.

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 4 of 11

Ouellette and Curney based on a lack of standing because no personal representative has been appointed. And it seeks dismissal of the State and DOC on the basis of sovereign immunity. Lastly, it seeks dismissal of Defendant Winkelman based on the assertions that Plaintiffs lack standing and have failed to assert a claim for which relief may be granted against her.

First, the Court finds that Plaintiffs' claims against the State of Alaska and DOC are barred by the doctrine of sovereign immunity and the Eleventh Amendment to the United States Constitution for the reasons articulated by Defendants in their motion and not controverted by Plaintiffs in their opposition.[12] Because amendment of the operative complaint to try to state a claim against the State and DOC would be futile, these Defendants must be dismissed with prejudice and without leave to amend.

Second, with respect to the claims for injunctive relief against Commissioner Winkelman, the Court finds that those claims, too, must be dismissed. In their Amended Complaint, Plaintiffs seeks a declaration that (1) "the ADOC, under the leadership of Defendant Winkelman, violated the Eighth and/or Fourteenth Amendments by failing to provide adequate medical care to Lewis Jordan, Jr., and (2) compelling an independent review of in-custody deaths, particularly with respect to individuals like the decedent, who were paroled under a regime

---

[12] Docket 21 at 15-17.

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 5 of 11

Case 3:25-cv-00044-SLG    Document 48    Filed 12/02/25    Page 5 of 11

designed to avoid transparency and independent investigation of in-custody deaths within ADOC."[13] In their opposition, Plaintiffs clarify that they "do not seek retrospective relief merely to label past conduct as unconstitutional."[14] But Plaintiffs do seek prospective injunctive relief directed at Commissioner Winkelman.[15]

Defendants assert that Plaintiffs lack standing to assert such a claim, as "[n]one of the Plaintiffs are inmates of the DOC and therefore have not suffered an injury-in-fact" such that "no injunction issued by the Court will provide Plaintiffs with any redress."[16] Further, Plaintiffs have not asserted a claim for class action relief, and, in any event, could not "satisfy the requirements as class representatives for prospective injunctive relief on behalf of this class."[17] While the Eleventh Amendment does not bar a claim against a state official for prospective injunctive relief when it is alleged that the official is acting contrary to federal law,[18] the Court finds Plaintiffs in this action lack standing to obtain an order compelling Defendant Winkelman to address the alleged systemic failures of DOC because there is no

---

[13] Docket 17 at 31.

[14] Docket 29 at 12.

[15] Docket 29 at 13.

[16] Docket 21 at 18.

[17] Docket 21 at 18.

[18] *Cory v. White,* 457 U.S. 85, 90-91 (1982).

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 6 of 11

Case 3:25-cv-00044-SLG    Document 48    Filed 12/02/25    Page 6 of 11

likelihood that Plaintiffs will be wronged by DOC's practices.[19]  Further, the Court finds that amendment of the operative complaint to try to state a claim for prospective injunctive relief against Commissioner Winkelman would be futile; hence, Plaintiffs' claims against this Defendant must be dismissed with prejudice and without leave to amend.

As to the remaining Defendants, COs Ouellete and Curney and the John Does,  Defendants maintain this action should be dismissed against them because Plaintiffs are not the real party in interest, as they have not been named personal representative of the Estate of Lewis Jordan, Jr.[20]  In their August 2025 response, Plaintiffs assert that they have "moved diligently to cure [the lack of a personal representative] by pursuing the co-appointment if Ms. Waterhouse . . . and by finding new probate counsel who is willing and able to proceed quickly with finalizing the estate."[21]  But as noted above, more than three months have now elapsed since that filing and no new probate action has been filed in the state court.

Federal Rule of Civil Procedure 17(a)(3) provides in relevant part that a court "may not dismiss an action for failure to prosecute in the name of the real party in

---

[19] *See Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 985 (9th Cir. 2007) (holding that a plaintiff seeking prospective injunctive relief "must demonstrate that he has suffered or is threatened with a 'concrete and particularized' legal harm, coupled with 'a sufficient likelihood that he will again be wronged in a similar way'" (first quoting *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992); and then quoting *City of Los Angeles v. Lyons*, 461 U.S. 95, 111 (1983)).

[20] Docket 21 at 7-8.

[21] Docket 29 at 5 (citing Docket 29-2 (Decl. of Rachael Waterhouse)).

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 7 of 11

Case 3:25-cv-00044-SLG    Document 48    Filed 12/02/25    Page 7 of 11

interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted in the action." Here, Defendants first raised their objection to the lack of a personal representative in their June 2025 motion to dismiss. The Court finds that Plaintiffs have had ample time to remedy this issue, but have failed to do so. Accordingly, the Court gives notice of its intent to dismiss this action as to all remaining Defendants based on Plaintiffs' lack of standing to bring this action unless within 30 days of the date of this order, a personal representative has been appointed to represent the Estate of Lewis Jordan, Jr. Given the delay in rectifying this deficiency that has occurred, the Court expects Plaintiffs to seek expedited relief from the state court as necessary to comply with this deadline.

Plaintiffs appear to argue for a near indefinite extension of time to obtain a personal representative for the estate. They cite to this Court's decision in *Eyre v. City of Fairbanks*.[22] But that case is inapposite. There, the defendants moved to dismiss for lack of standing on April 17, 2020. The plaintiff opposed on May 4, 2020, and represented that he had since been appointed personal representative on April 29, 2020. Thus, the defect in standing was quickly remedied after the defendants' objection. Here, in contrast, Defendants first raised their standing objection in June 2025 and it has still not been remedied. The Court finds that a

---

[22] *Eyre v. City of Fairbanks*, Case No. 4:19-cv-00038-SLG, 2020 WL 3087014 (D. Alaska June 10, 2020).

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 8 of 11

Case 3:25-cv-00044-SLG    Document 48    Filed 12/02/25    Page 8 of 11

reasonable time for remedying the effect has elapsed and dismissal of this action as to all remaining Defendants is warranted if the defect cannot be immediately cured.

Lastly, Defendants move to dismiss CO Ouellette for failure to perfect service.[23]  In their opposition, Plaintiffs acknowledge that they have failed to serve Defendant Ouelle te, and that they "intend to serve Defendant Ouellet by publication, and have undertaken steps to effectuate such publication in the near future."[24]  But to date, Plaintiffs have made no effort to obtain the requisite court order for service by publication.[25] And Federal Rule of Civil Procedure 4(m) requires that service be made within 90 days after the complaint is filed, and directs a court to dismiss the action as to that defendant or order the service be made within a specified time.  In light of the foregoing, IT IS ORDERED that this action shall be dismissed as to Defendant Ouellette unless proof of service of the Amended Complaint and summons on her is filed within 30 days of the date of this order, be it by publication or otherwise.

For the foregoing reasons, Defendants' second Motion to Dismiss at Docket 21 is GRANTED in part and DENIED in part.

---

[23] Docket 21 at 15.

[24] Docket 29 at 11.

[25] *See* Alaska Rule of Civil Procedure 4(e) (allowing for service by publication "only if ordered by the court for compelling reasons");  Fed. R. Civ. P. 4(e)(1) (allowing for service by following state law).

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 9 of 11

Case 3:25-cv-00044-SLG     Document 48     Filed 12/02/25     Page 9 of 11

### 2. Defendants' Motion to Strike

Defendants move to strike Plaintiffs' Status Report Regarding Probate and Service at Docket 31 and Motion for Leave to File Periodic Status Reports at Docket 32. The motion is DENIED. Motions to strike are generally limited to seeking to strike pleadings—i.e. complaints or answers—that contain "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[26]

### 3. Status Report Regarding Probate and Service and Motion for Leave to File Periodic Status Reports

In these filings, Plaintiffs appear to seek an indefinite extension of time in which to serve Defendant Ouellette. They also appear to seek an indefinite extension of time to finalize Plaintiffs' appointment as co-personal representatives of the Estate of Lewis Jordan, Jr., whom Plaintiffs allege in their Complaint died on April 27, 2023. For the reasons discussed above, the motion at Docket 32 is DENIED; the indefinite extension requests are unwarranted.

### 4. Defendants' Motion to Dismiss Plaintiffs' Complaint for Lack of Prosecution

This motion at Docket 35 is DENIED as moot; the issues it raised have been addressed above in the Court's ruling on Defendants' second Motion to Dismiss.

---

[26] Fed. R. Civ. P. 12(f).

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 10 of 11

Case 3:25-cv-00044-SLG     Document 48     Filed 12/02/25     Page 10 of 11

**CONCLUSION**

In light of the foregoing, Defendants' second Motion to Dismiss at Docket 21 is GRANTED in part and DENIED in part as follows:

- Defendants State of Alaska, the Department of Corrections, and Jennifer Winkelman are each dismissed from this action with prejudice and without granting Plaintiffs leave to amend;

- The Court gives notice of its intent to dismiss this action as to all remaining Defendants without further notice to Plaintiffs based on Plaintiffs' lack standing to bring these claims unless **within 30 days of the date of this order**, a personal representative has been appointed to represent the Estate of Lewis Jordan, Jr.; and

- The Court gives notice of its intent to dismiss Defendant Ouellette from this action without further notice to Plaintiffs unless proof of service of the Amended Complaint and summons on her is filed **within 30 days of the date of this order**, be it by publication or otherwise.

Further, Plaintiffs' Motion for Leave to File Periodic Status Reports at Docket 32 and Defendants' Motion to Strike at Docket 36 are DENIED and Defendants' Motion to Dismiss for Lack of Prosecution at Docket 35 is DENIED as moot.

DATED this 1st day of December 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:25-cv-00044-SLG, *Estate of Lewis Jordan v. State of Alaska, Dep't of Corr., et al.*
Order on All Pending Motions
Page 11 of 11

Case 3:25-cv-00044-SLG     Document 48     Filed 12/02/25     Page 11 of 11